IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL STEININGER | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | 04-5383 |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |

**MEMORANDUM AND ORDER**

Baylson, J.                                                                                              August 24, 2005

**I.   Introduction**

Plaintiff Angel Steininger has brought this action under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. §405(g), seeking judicial review of the Commissioner of Social Security's decision denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  The parties have filed cross-motions for summary judgment.

**II.   Background**

Plaintiff protectively filed applications for benefits on February 27, 2003, alleging that she had been disabled since May 1, 2002.  The applications were denied on September 23, 2003. Plaintiff requested a hearing, and on January 22, 2004, a hearing was held before Administrative Law Judge Christine McCafferty (the "ALJ").  The ALJ issued a decision denying Plaintiff's applications on February 11, 2004.  Plaintiff sought review before the Appeals Council, which denied her request for review on October 7, 2004.  Plaintiff then proceeded to federal court, filing the complaint in this action on November 22, 2004.

In the February 11, 2004 decision, the ALJ concluded that Plaintiff is not disabled as that term is defined in the Social Security Act because she retains the residual functional capacity ("RFC")[1] to perform the functional demands and job duties of her past relevant work. (ALJ Dec'n, p.2; Admin. Rec., p. 16).  The ALJ found that Plaintiff "retains the residual functional capacity to perform the functional demands of a limited level of light level exertional work; i.e., the claimant is able to stand and walk for a total of two hours in an eight hour workday, provided that the claimant can alternate standing and sitting positions at will; is able to sit for a total of six hours in an eight hour workday; is able to perform postural activities with no more than occasional frequency; is unable to push or pull using her lower extremities; and is able to perform simply, repetitive tasks." (Id., p. 11; Admin. Rec., p. 25).  The ALJ found that these limitations did not preclude Plaintiff from performing her past relevant work as a systems surveillance monitor, and therefore Plaintiff is not disabled.  (Id., p. 12; Admin. Rec. p. 26).

In determining that the claimant retains the residual function capacity to perform her past relevant work, the ALJ relied on the testimony of a vocational expert called upon at the hearing to consider a hypothetical situation involving an individual with the age, educational background, employment history, and residual functional capacity of Plaintiff.  The vocational expert testified that such an individual would be capable of performing the requirement and duties of a systems surveillance monitor.  (Id., p. 9, Admin. Rec., p. 23).

Plaintiff argues for remand on several grounds:

(1) that the ALJ's determination regarding her residual functional capacity was inconsistent with the ALJ's findings regarding Plaintiff's "moderate degree of

---

[1]"Residual functional capacity" is defined in the regulations as "what a [claimant] can still do despite his limitations."  20 C.F.R. §416.945(a).

2

limitation" in several mental health categories (Admin. Rec., p. 22-23), and specifically that the hypothetical posed to the vocational expert did not reflect the ALJ's findings of Plaintiff's mental health limitations;

(2) that Third Circuit precedent bars the assumption that a "sit/stand option at will" exists in unskilled competitive employments in significant numbers; and

(3) that Plaintiff has been prejudiced by the ALJ's passivity in developing the record, because Plaintiff was never sent for a psychiatric consultative examination and had obtained only two mental health exhibits at the time Plaintiff's file was forwarded to a "non-examining" psychologist, and because the ALJ declined to follow Plaintiff's counsel's suggestion that a subpoena be issued to the Community Council where Plaintiff had been treated and/or that a psychiatric consultative examination be performed.

Also, according to Plaintiff, the ALJ's rejection of the opinion of Dr. Ronald Refice, a psychologist who reviewed Plaintiff's file at the behest of the Pennsylvania Department of Public Welfare as part of a medical/vocational review team, was inappropriate. Plaintiff also argues that the ALJ mischaracterized the statements of the claimant and of her brother, and ignored the Community Council mental health record references that did not support denial.

### III.  Legal Standard

The Court must review the record to determine whether substantial evidence supports the ALJ's decision. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). The factual findings of the ALJ are accepted as conclusive, provided they are supported by substantial evidence. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations and citations omitted). The Court must not "weigh the evidence or substitute [its own] conclusion for those of the fact-finder." Rutherford, 339 F.3d at 552 (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).

**IV.     Discussion**

To be eligible for benefits, Plaintiff must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2000). The ALJ evaluates applications for benefits under the five-step process of 20 C.F.R. §§404.1520, 416.920. The ALJ must consider: (1) whether the claimant is working, (2) whether she has a severe impairment, (3) whether her severe impairment meets or medically equals a listed impairment, (4) whether she has the residual functional capacity to return to past relevant work, and (5) whether she can make an adjustment to other available work. Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004).

The parties' motions address the ALJ's determination, at the fourth step of the analysis, that Plaintiff has the residual functional capacity to return to past relevant work.[2] Plaintiff relies on Ramirez, in which the Third Circuit found that the ALJ's decision was not supported by substantial evidence because the ALJ's hypothetical question to the vocational expert did not accurately convey all of the claimant's impairments and limitations caused by those impairments. 372 F.3d 546. Here, the ALJ posed the following hypothetical to the vocational expert:

---

[2]The ALJ also considered the "hypothetical scenario" in which the claimant were found to be incapable of performing her past work and concluded that Plaintiff would still not fulfill the definition of disabled, because the Social Security Administration had met its burden of showing that there are other jobs existing significant numbers in the regional and national economies, such as bench assembler, hand packer, and final assembler, to which Plaintiff could make a successful vocational adjustment. (ALJ's Dec'n, p. 12; Admin. Rec., p. 26). As this conclusion was also based on the testimony of the vocational expert which the Court finds does not constitute substantial evidence, this determination must also be reconsidered by the ALJ in further proceedings.

4

> Q: Okay. All right. Mr. Earhart, I want you to assume an individual of the Claimant's age, education, and work experience having the following residual functional capacity. Being able to lift up to 10 pounds, sit for six hours, stand and walk for two hours with an at will sit stand option, with occasional postural activities, and being limited to simple repetitive tasks with only occasional contact with the public and coworkers. Could that individual return to Claimant's past relevant work? And no pushing and pulling with the lower extremity. Could that individual return to Claimant's past relevant work?
>
> A: Just the one job as a surveillance system monitor.

(Hearing Transcript, p. 54; Admin. Rec. 369). The Commissioner argues that this hypothetical is distinguishable from the hypothetical at issue in <u>Ramirez</u> because, in <u>Ramirez</u>, the hypothetical included only a limitation to simple and repetitive tasks, whereas here the ALJ's hypothetical question included not only "being limited to simple repetitive tasks," but also being limited "to only occasional contact with the public and coworkers," which the Commissioner argues adequately addresses the limitations arising from Plaintiff's mental impairments.

The Court disagrees, because the limitation "to only occasional contact with public and coworkers" does not sufficiently incorporate the ALJ's own findings regarding Plaintiff's mental functional limitations, which include, among other things, "a moderate degree of limitation in the concentration, persistence and pace area of functioning." (ALJ's Dec'n, p. 8-9; Admin. Rec., p. 22-23). As the Commissioner notes, the ALJ gave great weight to Dr. Salvatore Cullari's state agency medical consultant assessment in making her finding that Plaintiff "demonstrates a moderate degree of limitation in the activities of daily living area of functioning; a moderate degree of limitation in the social area of functioning; a moderate degree of limitation in the concentration, persistence and pace area of functioning; and one or two episodes of decompensation." (ALJ Decision, pp. 8-9; Admin. Rec., pp. 22-23). Dr. Cullari's "Mental

Residual Functional Capacity Assessment," on which the ALJ relied, concluded that although Plaintiff's ability to understand and remember complex or detailed instructions is limited, Plaintiff's "basic memory processes are intact" and she "can retain, and follow simply job instructions, i.e., perform one and two step tasks." (Admin. Rec. p. 189). Dr. Cullari also found that Plaintiff "is able to interact appropriately with the general public," "is able to maintain socially appropriate behavior," and "can sustain an ordinary routine without special supervision." Id.

The Commissioner argues that the hypothetical posed to the vocational expert by the ALJ reflected the conclusions in Dr. Cullari's report, despite the fact that the hypothetical does not include the ALJ's other findings regarding Plaintiff's moderate limitations in concentration, persistence, or pace. The Third Circuit, however, has "stated in the clearest of terms that an ALJ's hypothetical must include all of a claimant's impairments." Ramirez, 372 F.3d at 552. In eliciting testimony from a vocational expert, a "hypothetical question must reflect *all* of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Id. (quoting Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)). In a recent opinion clarifying this language, the Third Circuit noted that "[w]e do not require an ALJ to submit to the vocational expert every impairment *alleged* by a claimant," but do require that "the hypothetical posed must accurately portray the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments as contained in the record." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. March 3, 2005)(quotations omitted). The ALJ's hypothetical "must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." Id.

6

So, while the ALJ need only include all of the limitations credibly established in the record, and may properly exclude any limitations alleged by the plaintiff that are "reasonably discounted" by the ALJ, Rutherford, 399 F.3d at 555, here the ALJ's hypothetical did not reflect the ALJ's own findings regarding the Plaintiff's mental health limitations – that Plaintiff demonstrates a moderate degree of limitation in the concentration, persistence and pace area of functioning. "This omission from the hypothetical runs afoul of [the Third Circuit's] directive in *Chrupcala* that a 'hypothetical question posed to a vocational expert must reflect *all* of a claimant's impairments,' as well as our statement in *Burns* that 'great specificity' is required when an ALJ incorporates a claimant's mental or physical limitations into a hypothetical." Ramirez, 372 F.3d at 554-55 (quoting Chrupcala, 829 F.2d at 1276, and Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002)).

The objection could be made that these Third Circuit cases address ALJ determinations at the fifth step of the disability analysis, where vocational expert testimony is required and the defendant has the burden of showing that the claimant could perform other occupations that exist in significant numbers in the regional and national economies. At the fourth step of the analysis, vocational expert testimony is not required to establish that a claimant can return to her past relevant work as long as other substantial evidence supports the ALJ's conclusion. Molina v. Barnhart, 2004 WL 2250928 *5 (E.D. Pa. 2004)(citing Rivera v. Barnhart, 239 F.Supp.2d 413, 420-21 (E.D. De. 2002)). Here, however, where the ALJ's decision at step four relies exclusively on the vocational expert's testimony, the Court believes that the Third Circuit precedent regarding reliance on such testimony applies.

The Court therefore concludes that the ALJ's hypothetical was deficient and the

vocational expert's answer to it does not constitute substantial evidence for the ALJ's decision. Having concluded for the above stated reasons that remand to the ALJ for a new evidentiary hearing is appropriate, the Court will not address Plaintiff's other arguments for remand, as the ALJ's findings may be revised in any decision issued following the new hearing.

**B:**     **Conclusion**

After review of the parties' briefs and the administrative record, the Court believes that it is appropriate to remand this case to the ALJ for further consideration.

An appropriate order follows.

A:\04-5383, Steininger v. Barnhart, Memo and Order.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL STEININGER | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | 04-5383 |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |

**O R D E R**

AND NOW, this 24th day of August, 2005, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 7), and Defendant's Motion for Summary Judgment (Docket No. 10), it is hereby ORDERED that Plaintiff's Motion is GRANTED and this matter is REMANDED to the Commissioner for an evidentiary hearing in accordance with the foregoing Memorandum. This remand is ORDERED pursuant to the fourth sentence of 42 U.S.C. § 405(g). Defendant's Motion is DENIED. The Clerk shall mark this case CLOSED.

BY THE COURT:

/s/ Michael M. Baylson
MICHAEL M. BAYLSON, J.